UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
FEB 11 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| THE AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GARTH I. ALLEYNE, )<br>)<br>Defendant. ) | Civil Action No. 3:10CV089<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT

Plaintiff The American Registry of Radiologic Technologists brings this action against Defendant Garth I. Alleyne and for its complaint asserts as follows:

### INTRODUCTION

1. This is an action for trademark infringement, unfair competition, and violations of the common law of the Commonwealth of Virginia, arising from Defendant's wrongful use of the ARRT trademark to falsely represent an affiliation with ARRT that does not exist. ARRT brings this action to preliminarily and permanently enjoin Defendant's infringement of its trademark, and to recover damages resulting from Defendant's infringement and consumer fraud.

### THE PARTIES

2. Plaintiff, The American Registry of Radiologic Technologists ("ARRT"), is a Minnesota corporation with its principal place of business at 1255 Northland Drive, St. Paul, Minnesota 55120.

3. Upon information and belief, Defendant Garth I. Alleyne ("Defendant") resides at 8412 Dove Hollow Court, Glen Allen, Virginia 23060.



## JURISDICTION AND VENUE

4. This is an action for trademark infringement and unfair competition pursuant to 15 U.S.C. §§ 1114 and 1125(a), and for related claims under applicable state law.

5. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331 and 1338(b), as these claims arise under the laws of the United States and are joined with substantial and related claims under an Act of Congress related to trademarks. This Court has supplemental jurisdiction over ARRT's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to ARRT's federal unfair competition claim, over which this Court has original jurisdiction, that they form part of the same case and controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district.

## FACTS

### A. Background of ARRT

7. ARRT is a national credentialing organization. ARRT has more than 290,000 registrants who successfully have met its educational, testing, and other requirements and who consequently have been registered by ARRT as radiologic technologists.

8. ARRT was founded in 1922 as the American Registry of X-Ray Technicians and was incorporated in 1936. In 1962, ARRT adopted the name it bears today—The American Registry of Radiologic Technologists.

9. From its inception, ARRT's purpose was, as it is today, to be a national credentialing organization and registry of radiologic technologists.

10. ARRT is the preeminent organization in the nation that certifies and registers radiologic technologists. ARRT is the largest organization of radiologic technologists in the

2

country and is the only organization in the country that registers individuals qualified in radiography.

11. Among other things, ARRT establishes educational and professional behavior standards for radiologic technologists across the country. ARRT also develops and administers examinations that identify those individuals who are qualified to practice as radiologic technologists.

12. ARRT adopted the ARRT® trademark (the "Mark" or the "ARRT Mark") in or around 1962. Since that time, ARRT continuously has used its Mark in interstate commerce to identify those individuals who have met ARRT's educational, testing, and other requirements, and who consequently have been registered by ARRT and, as such are considered by ARRT to be qualified to work as radiologic technologists.

13. Since 1962, ARRT has distinguished its registrants from other radiologic technologists by, among other things:

   (a) providing each registrant with a certificate and credential card stating that the technologist has satisfied ARRT's educational, testing, and other requirements;

   (b) granting these, and only these, individuals the right to state on résumés, job applications, and other documents that they have satisfied ARRT's requirements, and that they accordingly are registered with ARRT; and,

   (c) maintaining a registry of all qualified technologists, which is used as a reference for employers and state agencies to confirm whether certain individuals have met the professional standards of a radiologic technologist.

14. On January 26, 1977, ARRT filed an application for registration of its ARRT Mark with the United States Patent and Trademark Office ("PTO"). On April 29, 1980, the Mark was registered by the PTO on the Principal Register. A true and correct copy of the registration for the ARRT Mark is attached hereto as **Exhibit A** and incorporated herein by reference.

15. The registration for ARRT's Mark is valid and incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

16. For more than thirty-five years, ARRT has invested substantial time, money, and effort in developing the goodwill associated with its Mark. Among other things, ARRT has engaged in extensive advertising in health-related publications and other media. Moreover, ARRT is actively associated with, and known by, educational programs for radiologic technologists and other diagnostic imaging professionals.

17. Through ARRT's efforts, the Mark has come to be recognized by the public and the health care industry as an indication that individuals registered with ARRT are qualified to work as radiologic technologists and have satisfied ARRT's rigorous educational, testing, and other standards.

18. ARRT's registry is relied on and referenced by state agencies, hospitals, and health care employers nationwide to identify those individuals who have satisfied ARRT's rigorous standards and are thus considered by ARRT to be qualified to work as radiologic technologists.

19. Indeed, many health care facilities explicitly require that radiologic technologists must be certified by ARRT. According to Medicare and Medicaid reimbursement requirements, hospitals offering radiology services must have at least one ARRT-certified radiologic technologist on duty at all times.

20. The Mark is a collective membership mark within the meaning of 15 U.S.C. § 1127.

### B. Defendant Alleyne's History with ARRT

21. In March 1993, Defendant was registered and certified as a radiologic technologist in Nuclear Medicine Technology.

22. As ARRT uses the terms, there is a key difference between certification and registration. An individual having satisfied the requirements for certification described in the ARRT Rules and Regulations, such as taking an examination, is awarded a certificate attesting to the fact that the requirements were met and that the individual is, therefore, certified by ARRT. An individual registered with ARRT is a person having met the certification requirements, as well as the additional requirements for continued registration, such as taking a certain number of Continuing Education ("CE") courses within a certain time period and meeting ARRT's ethics requirements. Registration must be renewed on an annual basis.

23. On September 30, 1998, ARRT cancelled Defendant's registration for failure to pay mandatory renewal fees. Defendant submitted a check to pay his renewal fees but ARRT was forced to return it to him for insufficient funds (notice attached hereto as **Exhibit B**). Defendant thereafter did not apply to reinstate his registration or otherwise seek to remedy his registration deficiency. Consequently, Defendant is not registered with ARRT.

### C. Defendant Alleyne's Wrongful Conduct

24. Despite no longer being registered with ARRT, Defendant continued to represent himself as being registered with ARRT. On October 10, 2001, ARRT received a facsimile from an employment screening service, Checkpast, requesting verification of Defendant's ARRT status (attached hereto as **Exhibit C**). With its request, Checkpast included a copy of an ARRT certificate that Defendant had provided to Checkpast's client and that purported to show that Defendant was currently registered with ARRT (attached hereto as **Exhibit D**).

25.     ARRT informed Checkpast that Defendant was not registered with ARRT and that the copy of the certificate Defendant had given to Checkpast's client was not a current ARRT certificate.

26.     On February 15, 2002, ARRT sent a "cease and desist" letter to Defendant at his last known address in Flushing, New York (attached hereto as **Exhibit E**).

27.     A few days later, on February 19, 2002, Defendant submitted an application for reinstatement of registration with ARRT which reflected Defendant's new mailing address (attached hereto as **Exhibit F**).

28.     In response, on February 27, 2002, ARRT re-sent the "cease and desist" letter to Defendant at the address he included on his February 19, 2002 application for reinstatement. The "cease and desist" letter stated in relevant part:

> The American Registry of Radiologic Technologists has received information that you have presented a copy of an ARRT certificate to a potential employer to indicate that you are registered as a radiologic technologist with the ARRT when that is not the case, for the apparent purpose of employment and resulting financial gain. This certificate is not registered with the ARRT at the time it was presented, therefore invalid.
>
> The ARRT owns all legal rights to its name and initials ARRT and to their use. We believe it is clear that your misrepresentation of ARRT certification and/or registration under the circumstances (a) is false, deceptive, and misleading and, as such, is specifically prohibited by federal and applicable state laws, (b) unlawfully infringes ARRT's trade name and marks and its copyrights in and to its name and its initials in violation of federal and applicable state laws, (c) is a crime under federal law and, perhaps, under applicable state laws as well, and (d) could, if believed and acted upon by a potential employer, seriously jeopardize the health and safety of members of the public to whom, solely because of fraudulent misrepresentation of your qualifications as a radiologic technologist registered by the ARRT, you might be permitted to provide health care services. Your unlawful action could subject you to substantial civil damages, to criminal prosecution, and upon conviction, to severe criminal fines and penalties. ARRT demands that you immediately cease and desist from falsely representing yourself as being registered by ARRT and from presenting any invalid ARRT document to any person, for any purpose whatsoever.

> This information will be brought to the attention of the ARRT Ethics Committee at their next meeting for review. This communication serves as notice of said review and possible adverse action as well as an opportunity to provide additional relevant information to the Ethics Committee. Please provide an explanation of the situation in writing within 30 days of the date of this letter. Failure to send additional clarifying information will result in the decision of the Committee being based on the information on hand.
>
> Your cooperation as we address this matter will be appreciated.

(attached hereto as **Exhibit G**). This letter was sent to Defendant via Certified Mail, and it was signed for on March 2, 2002 (attached hereto as **Exhibit H**). Defendant did not respond to the letter.

29. On June 7, 2002, the ARRT Ethics Committee sent a letter to Defendant informing him, among other things, that the Committee believed he violated ARRT's Rules and Regulations and/or Standards of Ethics and that it would be recommending revocation of his ARRT certification (attached hereto as **Exhibit I**). The letter further informed Defendant that this decision would become final if a request for a hearing was not made within thirty days and that, once final, the decision would not be subject to reconsideration by the Committee for three years. Defendant was also advised that any further misrepresentation of certification or registration status with ARRT would be subject to legal action. Defendant did not make a request for a hearing.

30. Upon request, ARRT re-sent the letter of revocation to Defendant on April 18, 2003 (attached hereto as **Exhibit J**).

31. On July 1, 2009, ARRT was contacted by Centra Southside Community Hospital in Farmville, Virginia, seeking to verify Defendant's ARRT status (attached hereto as **Exhibit K**). With its request, Centra Southside Community Hospital included a copy of a résumé Defendant provided to Centra Southside Community Hospital, along with an application for employment (attached hereto as **Exhibit L** and **Exhibit M**, respectfully). Defendant's résumé

7

indicates that he "recently completed MRI program at Bons Secours School of Medical Imaging—AART Eligible." Under the education portion of the résumé, Defendant also indicated "Bons Secours School of Medical Imaging—AART eligible 6/2009." Defendant's use of "AART" was a typographical error and he intended to represent that he was "ARRT Eligible."

32. Defendant was aware of his 2002 ethics sanction and therefore knew that he was not, nor could he be, "ARRT eligible" without making an affirmative appeal to the ARRT Ethics Committee to request removal of the sanction against him. Defendant knew what steps he needed to take to request removal of his 2002 ethics sanction, but he failed to take those necessary steps and therefore could not hold himself out as being ARRT eligible. By claiming to be ARRT eligible on his résumé despite knowing that he could not be registered or certified with ARRT, Defendant intended to affiliate himself with ARRT to potential employers. Moreover, the deliberate language chosen by Defendant was designed to mask the fact that he had lost his prior registration and certification as a result of an ethics sanction, and create a false impression that ARRT certification is merely a matter of paperwork and could, in fact, be obtained by Defendant. This constitutes misrepresentation.

33. ARRT sent a letter to Centra Southside Community Hospital on July 2, 2009, informing its director of human resources that Defendant has not been registered with the ARRT since September 30, 1998 (attached hereto as **Exhibit N**).

34. On August 14, 2009, ARRT sent a letter to Defendant, informing him that ARRT possessed information demonstrating that he continued to use the ARRT Mark even though he was neither registered nor certified with ARRT (attached hereto as **Exhibit O**). ARRT also informed Defendant that it would vigorously pursue such continued violations of its protected trademark, including the possibility of filing a legal action. In lieu of immediately filing an

action, ARRT offered Defendant a Settlement Agreement, but told him that if he did not agree to the settlement by September 14, 2009, ARRT would consider resolution of the matter by filing a complaint in federal court. The August 14, 2009, letter was sent to Defendant via Certified Mail, but Defendant failed to claim the letter (attached hereto as **Exhibit P**).

35. In response, ARRT sent another letter enclosing the Settlement Agreement and extending Defendant's response date to October 15, 2009 (attached hereto as **Exhibit Q**).

36. This time, Defendant accepted the letter and contacted ARRT by telephone on September 14, 2009, to inquire how to regain his certification and registration with ARRT. ARRT discussed the Settlement Agreement and granted Defendant an opportunity to explain the reference to ARRT on his résumé. In a confirmation letter dated September 15, 2009, ARRT reiterated that it would postpone further action for one month and reminded Defendant of his verbal promise to comply with ARRT's requests: "You stated that you would immediately provide ARRT with a written explanation of why you were using 'ARRT Eligible.' You also agreed to provide an additional written explanation from your instructor in support of your actions" (attached hereto as **Exhibit R**).

37. Approximately one month later, on October 13, 2009, Defendant faxed ARRT a letter attempting to explain his use of the ARRT name on his résumé (attached hereto as **Exhibit S**). Defendant justified his actions by saying: "I was informed by the Director of the Bons Secours School of Imaging MRI program, Ms. Stacy Whittington, that upon completion of my courses and clinical in MRI, that I would be 'AART eligible.'" Defendant also included a new version of his résumé that did not contain any reference to ARRT. Defendant did not send an executed version of the Settlement Agreement.

38. ARRT followed up with the Director of the Bons Secours School of Imaging MRI program, Ms. Stacy Whittington, who confirmed that ARRT eligibility is explained to students in class and on the school's website, and that no instructor would have told Defendant that he was ARRT eligible.

39. On October 16, 2009, ARRT responded to Defendant's letter of explanation, requesting that he: (i) provide ARRT with confirmation that he completed the clinical coursework necessary to be ARRT eligible as of June 2009 or (ii) sign the Settlement Agreement (attached hereto as **Exhibit T**). ARRT further informed Defendant that if he did not agree by October 30, 2009, ARRT would seek resolution through the federal court system.

40. In response, Defendant hired an attorney and ARRT once again granted Defendant an extension regarding the Settlement Agreement (attached hereto as **Exhibit U**). Defendant was given two extra weeks, until November 15, 2009, to execute the agreement or face legal action.

41. Defendant did not execute the Settlement Agreement.

42. On December 8, 2009, ARRT gave Defendant one last opportunity to avoid litigation. ARRT sent him the Settlement Agreement again and gave him until January 15, 2009 to cooperate (attached hereto as **Exhibit V**). Defendant did not respond.

## COUNT I
### Federal Trademark Infringement – Section 32(1)(a) of the Lanham Act

43. ARRT restates and incorporates herein by reference the averments set forth in paragraphs 1 through 42 of this Complaint.

44. As set forth above, Defendant has, without ARRT's consent, used in commerce a reproduction, counterfeit, copy, or colorable imitation of ARRT's Mark in connection with his offer and sale of his services as a radiologic technologist. Defendant's unauthorized use of the

ARRT Mark is likely to cause, and has caused, confusion and mistake, and is likely to deceive, and has deceived, the consuming public as to the affiliation, connection, or association of Defendant with ARRT, and as to the sponsorship or approval of Defendant's commercial activities by ARRT.

45.     Defendant's actions constitute violations of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114.

46.     ARRT has been and will continue to be damaged by Defendant's unauthorized use of the ARRT Mark.

47.     As a direct and proximate result of Defendant's deliberate and intentional infringement, ARRT has suffered and continues to suffer irreparable harm for which ARRT has no adequate remedy at law.

48.     Defendant's deliberate and intentional infringement makes this an exceptional case under 15 U.S.C. § 1117(a)(3).

## COUNT II
### Federal Unfair Competition – Section 43(a) of the Lanham Act

49.     ARRT restates and incorporates herein by reference the averments set forth in paragraphs 1 through 48 of this Complaint.

50.     Defendant's actions in using the ARRT Mark constitute a false designation of origin, sponsorship, or approval and a false description or representation of fact, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.     Defendant's wrongful conduct, in connection with the offer and sale of his services as a radiologic technologist, misrepresents the nature, characteristics, and/or qualities of Defendant's commercial activities. Defendant's infringement has been and continues to be

willful and in bad faith because he has continued to infringe despite actual knowledge of ARRT's rights.

52. ARRT has been and will continue to be harmed by Defendant's wrongful conduct.

53. As the direct and proximate result of Defendant's deliberate and intentional infringement, ARRT has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

### COUNT III
### Common Law Trademark Infringement

54. ARRT restates and incorporates herein by reference the averments set forth in paragraphs 1 through 53 of this Complaint.

55. ARRT has prior and exclusive rights to the ARRT Mark.

56. Defendant's unauthorized use of the ARRT Mark is likely to cause, and has caused, confusion and mistake, and is likely to deceive, and has deceived, the consuming public as to the affiliation, connection, or association of Defendant with ARRT, and as to the certification, sponsorship or approval of Defendant's commercial activities by ARRT, and therefore infringes on ARRT's Mark in violation of the common law of the Commonwealth of Virginia.

57. Defendant has engaged willfully in a deceptive act in violation of the common law of the Commonwealth of Virginia by knowingly using ARRT's trademark rights. As a direct and proximate result, ARRT has suffered and will continue to suffer irreparable harm.

58. ARRT has been and will continue to be harmed by Defendant's deceptive trade practices. Unless preliminarily and permanently enjoined by this Court, Defendant will continue

the foregoing deceptive and misleading trade practices, thereby confusing the public and causing ARRT immediate and irreparable damage for which there is no adequate remedy at law.

## COUNT IV
### Common Law Unfair Competition

59.    ARRT restates and incorporates herein by reference the averments set forth in paragraphs 1 through 58 of this Complaint.

60.    Defendant's unauthorized use, adoption, appropriation and/or copying of the ARRT Mark constitutes unfair competition in violation of the common law of the Commonwealth of Virginia.

61.    ARRT has been and will continue to be harmed by Defendant's actions.

62.    ARRT is entitled to recover damages from Defendant in an amount to be determined at trial.

63.    Unless preliminarily and permanently enjoined by this Court, Defendant will continue the foregoing misleading practices, thereby causing ARRT immediate and irreparable damage for which there is no adequate remedy at law.

### Prayer For Relief

WHEREFORE, The American Registry of Radiologic Technologists demands a judgment in its favor and demands the following relief:

**A.** An Order prohibiting and permanently enjoining Defendant from using the ARRT Mark or representing in any manner, including but not limited to orally and in writing, that he is registered or certified by ARRT, or representing that he is affiliated with ARRT in any other manner.

**B.** A decree ordering an accounting by Defendant to establish all profits he has realized as a result of the wrongful acts set forth in this Complaint.

C. Judgment against Defendant specifically including but not limited to the following, to the extent allowed by law (including 15 U.S.C. §§ 1114, 1117, and 1125, and the common law of the Commonwealth of Virginia):

(1) actual monetary damages sustained by ARRT;

(2) any profits unlawfully earned by Defendant as a result of his unlawful acts;

(3) treble damages;

(4) costs and prejudgment interest; and

(5) attorneys' fees.

D. Such other and further relief as the Court deems appropriate and just under the circumstances.

E. Order a trial by jury on all appropriate issues.

THE AMERICAN REGISTRY
OF RADIOLOGIC TECHNOLOGISTS

By: _____
Timothy J. St. George (VSB # 77349)
tim.stgeorge@troutmansanders.com
Dabney J. Carr, IV (VSB # 28679)
Dabney.carr@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Shari L. J. Aberle (MN Bar No. 0306551)
Aberle.Shari@dorsey.com
Meghan E. Lind (MN Bar No. 0389034)
lind.meghan@dorsey.com
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-8267
Facsimile: (888) 214-4821

*Attorneys for The American Registry of Radiologic Technologists*